**In the United States District Court
for the Southern District of Texas
Houston Division**

| | | |
|---|---|---|
| **GILBERT CRUZ,** | § | |
| *Plaintiff*, | § § | |
| v. | § | Civil Action No. 4:16-cv-03568 |
| | § | |
| **DEPUTY ROLANDO DELGADO JR., DEPUTY G. PERKINS, DEPUTY T. CUMMINGS, SERGEANT K. BENOIT, SERGEANT M. STOUFFER, each in their individual capacity, SHERIFF ED GONZALEZ in his official capacity, AND HARRIS COUNTY,** | § § § § § § § § § | |
| *Defendants*. | § | |

## INDIVIDUAL DEFENDANTS' OPPOSED MOTION FOR ATTORNEY FEES

To the Honorable Ewing Werlein Jr., United States District Judge:

Individual Defendants Deputy Gabriel Perkins, Deputy Thomas Cummings, Sergeant Kenneth Benoit, and Sergeant Matt Stouffer (collectively "Individual Defendants") move for attorney fees and other related nontaxable expenses, FED. R. CIV. P. 54(d)(2), respectfully showing the Court the following:

### INTRODUCTION

1. Plaintiff is Gilbert Cruz. The remaining Defendants are Deputy Rolando Delgado Jr. and Harris County, Texas. Individual Defendants were defendants in this case until the Court granted their motion to dismiss on December 7, 2017. [Doc. 36].

2. Plaintiffs sued Individual Defendants alleging various civil rights violations under 42 U.S.C. §§ 1983 and 1988. [Doc. 20]. On December 7, 2017, the Clerk entered the Court's Memorandum and Order dismissing all of Plaintiff's claims against Individual Defendants. [Doc. 36]. Because all of Plaintiff's claims

against Individual Defendants were frivolous, groundless, and without foundation, Individual Defendants minimal, fair attorney's fees from Plaintiff.

### ARGUMENT & AUTHORITIES

3. Under 42 U.S.C. § 1988, a district court may award attorney fees to a prevailing party in a section 1983 lawsuit.[1] The prevailing party is the party that succeeds on any significant issue in the litigation and the success provides some benefit that had been sought by the party.[2]

4. In this section 1983 case, Individual Defendants are the prevailing parties on all of Plaintiff's claims against them because they succeeded on all issues in the litigation through dismissal before trial, and the Court dismissed them from this lawsuit.

### I. Plaintiff's claims against Individual Defendants were unreasonable, frivolous, and without foundation

5. A prevailing defendant is entitled to attorney fees if the plaintiff's suit was unreasonable, frivolous, or without foundation.[3] To determine whether plaintiff's suit was frivolous, courts should consider the following non-exclusive factors: (1) whether the plaintiff established a *prima facie* case; (2) whether the defendant offered to settle; and (3) whether the court held a full trial.[4] "The reasonableness of a plaintiff's claim must be assessed as of the time the suit was

---

[1] 42 U.S.C. § 1988 ("In any action or proceeding to enforce a provision of section[] . . . 1983 of this title, . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . . "). *See also, e.g.*, *Myers v. City of West Monroe*, 211 F.3d 289, 292 (5th Cir. 2000) (citations omitted).

[2] *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). *See also Lefemine v. Wideman*, 568 U.S. 1, 4–5 (2012) (per curiam).

[3] *E.g.*, *Myers*, 211 F.3d at 292; *Hughes v. Rowe*, 449 U.S. 5, 14 (1980).

[4] *E.g.*, *Myers*, 211 F.3d at 292.

filed."**5** Plaintiff's claims against Individual Defendants were frivolous, unreasonable, and without foundation for the following reasons.

### A. Plaintiff did not establish a *prima facie* case against Individual Defendants

6. In his original complaint, Plaintiff asserted two claims against Individual Defendants: (1) failure to prevent civil rights violations and (2) negligence and negligence per se. [Doc. 1]. After he was unable to show subject matter jurisdiction over his state-law negligence claims for lack of notice and under the Texas Tort Claims Act's election of remedies provision, Plaintiff voluntarily dismissed his state-law claim. [Doc. 35]. On Individual Defendants' motion to dismiss for failure to state a claim and lack of subject matter jurisdiction, the Court dismissed Plaintiff's sole federal claim against Individual Defendants. [Doc. 36].

7. Although dismissal of claims prior to trial is not sufficient alone to find the dismissed claims were frivolous,**6** other circumstances support a finding of frivolity. For example, Plaintiff's response to Individual Defendants' motion to dismiss failed to cite any case law showing Individual Defendants violated any clearly established right. [Doc. 28 at pp. 16–17]. *See also* [Doc. 29 at p. 2]. Indeed, Plaintiff—who had the burden to show Individual Defendants were not entitled to immunity—included only one sentence regarding the clearly established law prong of immunity: "[Individual Defendants] were, however, at the scene of Plaintiff's injuries and failed to intervene which deprives them of immunity." [Doc. 28 at p. 16]. Plaintiff had no arguable basis in law or fact to support his claim, and it is therefore frivolous.**7**

---

**5**   *Holloway v. Walker*, 784 F.2d 1294, 1296 (5th Cir. 1986).

**6**   *Myers*, 211 F.3d at 293.

**7**   *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (citations omitted); *Richardson v. Spurlock*, 260 F.3d 495, 498 (5th Cir. 2001) (citations omitted).

8. Plaintiff failed to establish a *prima facie* case for his claims against Individual Defendants. Thus, this factor weighs in favor of frivolity.

### B.     No Defendant ever offered to settle

9. No Defendant, including Individual Defendants, have ever offered to settle Plaintiff's claims. Indeed, after the initial scheduling conference, undersigned counsel offered to forego Individual Defendants' request for costs and attorney fees in exchange for immediate dismissal of Plaintiff's claims against them.**[8]** Because Individual Defendants never offered to settle *and* because they offered to forego seeking costs and attorney fees if Plaintiff dismissed his claims, this factor also weighs in favor of frivolity.

### C.     Plaintiff's claims against Individual Defendants were dismissed before trial

10. There has been no trial in this case, and the Court has dismissed all of Plaintiff's claims against Individual Defendants.

11. Plaintiff knew or should have known at the time he brought his claims against Individual Defendants that they lacked merit. Plaintiff had the burden to show Individual Defendants were not entitled to qualified immunity, yet he failed to produce any case law arguably showing any Individual Defendant violated any of Plaintiff's clearly established rights. And, in arguing there was a constitutional violation, Plaintiff relied on clearly distinguishable case law. [Doc. 28 at pp. 16–17]. Therefore, Individual Defendants' attorney fees were incurred because of Plaintiff's frivolous claims against them.

---

**[8]**     *See also DeRamus v. City of Alexandria*, 675 Fed. App'x 408, 413 (5th Cir. Jan. 9, 2017) ("[The plaintiffs] were put on notice that these claims lacked any merit when the Defendants-Appellees specifically requested by letter that these claims be withdrawn due to lack of evidence.").

## II.  Individual Defendants seek minimal attorney fees for defending against Plaintiff's claims

12.  Individual Defendants seek $5,250 for fair and reasonable attorney fees and related nontaxable expenses, as established by the affidavit of lead counsel, Keith Toler, Assistant County Attorney. **Exhibit 1**. Mr. Toler spent at least 35 hours defending Individual Defendants in this case and charged a modest, reasonable rate of $150 per hour. **Exhibit 1**.

13.  Individual Defendants' counsel charged a minimal hourly rate and hours expended so as not to penalize Plaintiff but to reimburse Individual Defendants' employer and Harris County taxpayers for defending this frivolous suit instead of defending cases that have merit. Thus, Individual Defendants' counsel charged less than the customary hourly rate for lawyers of similar experience, geographic location, and practice area.

### CONCLUSION & REQUEST FOR RELIEF

14.  Plaintiff's lawsuit against Individual Defendants was unreasonable, frivolous, and without factual foundation. Plaintiff failed to establish a *prima facie* case against Individual Defendants and his claims were dismissed long before trial.

For these reasons, Individual Defendants respectfully request the Court to award attorney fees to Harris County, Individual Defendants' employer, who paid Individual Defendants' legal fees, including those sought here.

**Date: December 20, 2017**

                              Respectfully submitted,

                              */s/  Keith A. Toler*
                              **KEITH A. TOLER**
                              Assistant County Attorney
                              State Bar No. 24088541
                              Federal Bar No. 2599245
                              **Attorney in Charge**

                HARRIS COUNTY ATTORNEY'S OFFICE
1019 Congress, 15th Floor
Houston, Texas 77002
Telephone: (713) 274-5265
Facsimile:  (713) 755-8924
Keith.Toler@cao.hctx.net

**Of Counsel:**

VINCE RYAN
Harris County Attorney

*Counsel for Individual Defendants Deputy Gabriel Perkins, Deputy Thomas Cummings, Sergeant Kenneth Benoit, & Sergeant Matt Stouffer*

### CERTIFICATE OF CONFERENCE

I certify I conferred by email with Plaintiff's counsel, Jerold Friedman, regarding this motion on December 18, 2017. Mr. Friedman indicated he opposes this motion.

>/s/  Keith A. Toler
> **KEITH A. TOLER**
> Assistant County Attorney

### CERTIFICATE OF SERVICE

I certify that on December 20, 2017, I filed a true and correct copy of this motion on the Court's CM/ECF system, which will automatically serve a copy on all parties' counsel.

**Jerold Daniel Friedman**
LAW OFFICE OF JEROLD D. FRIEDMAN
17515 Spring-Cypress Rd., Suite C-360
Cypress, Texas 77429
Telephone: (281) 810-8812
Facsimile:  (281) 667-3506
jerry@activistlaw.com

*Counsel for Plaintiff*

>/s/  Keith A. Toler
> **KEITH A. TOLER**
> Assistant County Attorney