IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GILBERT CRUZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-16-3568 |
| | § | |
| DEPUTY ROLANDO DELGADO, JR., | § | |
| | § | |
| Defendant. | § | |

## **VERDICT**

We, the Jury, find in this case, unanimously, as indicated in the answers to the foregoing Questions.

SIGNED at Houston, Texas, on this 20th day of November, 2019.

/ / FOREPERSON / OF THE JURY

**QUESTION NO. 1**

Do you find from a preponderance of the evidence that Plaintiff Cruz suffered an injury?

Answer "Yes" or "No":

ANSWER: __Yes__

## QUESTION NO. 2

Do you find from a preponderance of the evidence that the injury, if any, suffered by Plaintiff Cruz resulted directly from Deputy Delgado's use of force that was excessive to the need?

Answer "Yes" or "No":

ANSWER: __NO__

If you answered "Yes" to Question No. 2, then proceed to Question No. 3. If you answered "No" to Question No. 2, then answer no further questions and your Foreperson may sign and date the Verdict form.

## QUESTION NO. 3

Do you find from a preponderance of the evidence that the excessiveness of the force was objectively unreasonable?

Answer "Yes" or "No":

ANSWER: _____

If you answered "Yes" to Question No. 3, then proceed to Special Instruction No. 2 and Question No. 4. If you answered "No" to Question No. 3, then answer no further questions and your Foreperson may sign and date the Verdict form.

## SPECIAL INSTRUCTION NO. 2

### Qualified Immunity

If you find that Plaintiff has proved each essential element of his claim, you must consider whether Defendant is entitled to what the law calls "qualified immunity." Qualified immunity bars a defendant's liability even if he violated a plaintiff's constitutional rights. Qualified immunity exists to give government officials breathing room to make reasonable but mistaken judgments about open legal questions. Qualified immunity provides protection from liability for all but the plainly incompetent government officers, or those who knowingly violate the law. It is Plaintiff's burden to prove by a preponderance of the evidence that qualified immunity does not apply in this case.

Qualified immunity applies if a reasonable officer could have believed that Defendant Deputy Delgado's use of force against Plaintiff was lawful in light of clearly established law and the information Defendant possessed at the time. But Defendant is not entitled to qualified immunity if, at the time of Defendant's use of force, a reasonable officer with the same information could not have believed that his actions were lawful. Law enforcement officers are presumed to know the clearly established constitutional rights of individuals they encounter.

In this case, the clearly established law at the time was that a law enforcement officer could use reasonable force necessary

(1) to detain a person during an investigation or (2) to arrest a person suspected of committing a crime. To determine whether the force used to effect that detention or arrest was reasonable, you should consider facts such as the severity of the possible crime at issue, whether the suspect posed an immediate threat to the safety of officers or others, and whether he was actively resisting detention or arrest.

After considering the scope of discretion and responsibility generally given to law enforcement officers in performing their duties and after considering all of the circumstances of this case as they would have reasonably appeared to Defendant Delgado at the time he used force against Plaintiff Cruz, if you find that Plaintiff proved that no reasonable officer could have believed that the use of force was lawful, then your verdict must be for Plaintiff. But if you find that Plaintiff failed to prove that no reasonable officer could have believed that Defendant Delgado's use of force was lawful, then Defendant is entitled to qualified immunity, and your verdict must be for Defendant.

## QUESTION NO. 4

Do you find from a preponderance of the evidence that no reasonable officer knowing the information known by Defendant Deputy Delgado could have believed that Defendant Delgado's use of force against Plaintiff Gilbert Cruz was lawful?

Answer "Yes" or "No":

ANSWER: _____

If you answered "Yes" to Question No. 4, then proceed to Special Instruction No. 3 and the remaining questions. If you answered "No" to Question No. 4, then answer no further questions and your Foreperson may sign and date the Verdict form.

14

## SPECIAL INSTRUCTION NO. 3

## **DAMAGES**

If Plaintiff Cruz has proven his claims against Defendant Delgado by a preponderance of the evidence, you must determine the damages to which Plaintiff is entitled. You should not interpret the fact that I have given instructions about Plaintiff's damages as an indication in any way that I believe Plaintiff should, or should not, win this case. It is your task first to decide whether Defendant Delgado is liable to Plaintiff. I am instructing you on damages only so that you will have guidance in the event you decide that Defendant Delgado is liable and Plaintiff is entitled to recover money from him.

If you find that Defendant Delgado is liable to Plaintiff Cruz, then you must determine an amount that is fair compensation for all of Plaintiff's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make a Plaintiff whole--that is, to compensate a Plaintiff for the damage that Plaintiff has suffered. If Plaintiff wins, he is entitled to compensatory damages for the physical injury, pain and suffering that he has suffered because of Defendant Delgado's conduct.

You may award compensatory damages only for physical injuries that Plaintiff proves were caused by Defendant's allegedly wrongful conduct. The damages that you award must be fair compensation for

all of Plaintiff's physical pain, no more and no less. Damages are not allowed as a punishment and cannot be imposed or increased to penalize Defendant Delgado. You should not award compensatory damages for speculative injuries, but only for those injuries which Plaintiff has actually suffered.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence. You may award damages for any bodily injury that Plaintiff sustained and any physical pain and suffering to the extent that you find that Plaintiff has proved such by a preponderance of the evidence. No evidence of the value of intangible things such as physical pain and suffering has been or need be introduced. You are not trying to determine value, but an amount that will fairly compensate Plaintiff for the damages he has suffered. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award that you make should be fair in the light of the evidence.

## QUESTION NO. 5

What sum of money, if paid now in cash, do you find from a preponderance of the evidence would fairly and reasonably compensate Plaintiff Cruz for his injury, if any, that resulted from Defendant Delgado's violation of his constitutional rights?

Answer in dollars and cents, if any.

Answer: $_____

## **SPECIAL INSTRUCTION NO. 4**

## **PUNITIVE DAMAGES**

In addition to compensatory damages considered above, Plaintiff also seeks punitive damages. You may award punitive damages if you find that Plaintiff Cruz has proved by a preponderance of the evidence that Deputy Delgado acted with malice or with reckless indifference to the rights of others. One acts with malice when one purposefully or knowingly violates another's rights or safety. One acts with reckless indifference to the rights of others when one's conduct, under the circumstances, manifests a complete lack of concern for the rights or safety of another.

The purpose of punitive damages is to punish and deter, not to compensate. Punitive damages serve to punish a defendant for malicious or reckless conduct and, by doing so, to deter others from engaging in similar conduct in the future. You are not required to award punitive damages. If you do decide to award punitive damages, you must use sound reason in setting the amount. Your award of punitive damages must not reflect bias, prejudice, or sympathy toward any party. It should be presumed that Plaintiff Cruz has been made whole by compensatory damages, so punitive damages should be awarded only if Deputy Delgado's misconduct is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence.

If you decide to award punitive damages, the following factors should guide you in fixing the proper amount:

1. the reprehensibility of Defendant Delgado's conduct, including but not limited to whether there was deceit, cover-up, insult, intended or reckless injury; and

2. the ratio between the punitive damages you are considering awarding and the amount of harm that was suffered by the victim.

You may consider the financial resources of Deputy Delgado in fixing the amount of punitive damages.

## QUESTION NO. 6

Do you find from a preponderance of the evidence that Defendant Delgado acted with malice or reckless indifference to the rights of others in violating Plaintiff Cruz's rights?

Answer "Yes" or "No":

ANSWER: _____

If you answered "Yes" to Question No. 6, then proceed to Question No. 7. If you answered "No" to Question No. 6, then answer no further question and your Foreperson may sign and date the Verdict form.

## QUESTION NO. 7

What sum of money, if any, should be assessed against Defendant Delgado as punitive damages?

Answer in dollars and cents, if any, or "none."

Answer: _____

## Final General Instructions

**The Verdict:**

Your verdict must represent the considered judgment of each juror. In order to return a verdict, your answers and your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if convinced it is erroneous, but do not surrender your honest convictions as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Any notes that you have taken during this trial are only aids to your memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

When you retire to the jury room to deliberate on your verdict, you should first select one of your number to act as your foreperson. The foreperson will preside over your deliberations, and will be your spokesperson here in court.

If, during your deliberations, you should desire to communicate with the Court, please express your message or question in writing signed by the Foreperson, and pass the note to the courtroom deputy who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at that time.

Remember at all times you are not partisans. You are judges --judges of the facts. Your sole interest is to seek the truth from the evidence in this case.

SIGNED at Houston, Texas, on this 19TH day of November, 2019.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE